**RAYMOND J. SLOMSKI, P.C.**
Raymond J. Slomski (#007223)
Adam Studnicki (#014062)
2929 North Central Avenue, Suite 700
Phoenix, Arizona  85012
law@slomskilaw.com
(602) 230-8777
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| SALY MARTINEZ, individually, as surviving spouse of KEITH MARTINEZ, and on behalf of all statutory beneficiaries, including K.M., minor surviving son,<br><br>    Plaintiffs,<br>  v.<br><br>UNITED STATES OF AMERICA; BANNER HEALTH, dba BANNER THUNDERBIRD MEDICAL CENTER, an Arizona corporation; PHILLIP Z. SABA, M.D., P.L.L.C., an Arizona corporation; PHILLIP Z. SABA, M.D. and JANE DOE SABA, husband and wife; NORTH VALLEY EMERGENCY SPECIALISTS, L.L.C., an Arizona limited liability company; WILLIE F LANSDEN, MD, PLLC, an Arizona corporation; WILLIE F. LANSDEN, M.D. and JANE DOE LANSDEN, husband and wife; JOHN DOES and JANE DOES I-V; BLACK CORPORATIONS I-V; and WHITE PARTNERSHIPS I-V,<br><br>    Defendants. | No. CV-17-01876-PHX-BSB<br><br>**COMPLAINT** |

Plaintiffs, for their cause of action against Defendants, allege as follows:

### JURISDICTION AND VENUE

1.   This wrongful death action is brought pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671, *et seq*., against the United States of America, which vests exclusive subject matter jurisdiction of Federal Tort Claims litigation in the Federal District Court.

2. This Court has supplemental jurisdiction over the claims asserted against Defendant Banner Health, dba Banner Thunder Medical Center, Defendant Willie F Lansden, MD, PLLC, and Defendants Willie F. Lansden, M.D. and Jane Doe Lansden, pursuant to 28 U.S.C. § 1367(a). This Court also has supplemental jurisdiction over the claims asserted against Defendant Phillip Z. Saba, M.D., P.L.L.C. and Defendants Phillip Z. Saba and Jane Doe Saba, pursuant to 28 U.S.C. § 1367(a), in the event one or both of these Defendants are not employees of Defendant United States of America.

3. This lawsuit complaint is brought in the name of Saly Martinez, as surviving spouse of Keith Martinez, for her benefit and for the benefit of all wrongful death statutory beneficiaries.

4. Plaintiffs Saly Martinez and K.M. were and are, at all times material hereto, residents of Maricopa County, Arizona.

5. Plaintiffs have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act.

6. On or about February 1, 2016, Plaintiffs filed administrative claims with the appropriate agency (U.S. Department of Veterans Affairs) in compliance with 28 U.S.C. § 2675. The agency has not yet ruled on the claim and more than six (6) months have elapsed. Plaintiffs treat their claims as being rejected and file this action pursuant to the Federal Tort Claims Act.

7. All events giving rise to this cause of action occurred in Maricopa County, Arizona.

8. Venue is proper in the District of Arizona pursuant to 28 U.S.C. §§ 1391(b)(1), 1391(b)(2), 28 U.S.C. § 1391(e)(1), and/or 28 U.S.C. § 1402(b).

**PARTIES**

9. Plaintiff Saly Martinez is the surviving wife of Keith Martinez. Keith Martinez is also survived by his son, K.M., who has claims as a wrongful death statutory beneficiary.

10. Defendant United States of America operates a healthcare facility known as the Carl T. Hayden VA Medical Center ("VAMC") in Maricopa County, Arizona.

11. Liability of Defendant United States of America is predicated on 28 U.S.C. §§ 1346(b)(1) and 2674, because the wrongful death and resulting damages that form the basis of this Complaint were proximately caused by the negligence, wrongful acts, and/or omissions of Defendant United States of America through its employees. These employees were acting within the course and scope of their office or employment, under circumstances where Defendant United States of America, if a private person, would be liable to the Plaintiffs in the same manner and to the same extent as a private individual under the laws of the state of Arizona.

12. At all times material hereto, Defendant United States of America held itself out to current and former members of the military and their dependents, including Plaintiffs Martinez, as being equipped, qualified, and prepared to receive such persons for medical assessment and treatment, and that it employed and maintained on its staff skilled physicians, physician assistants, resident physicians, nurses, auxiliary staff, and, in general, competent personnel to whom it had entrusted the conduct and operation of the practice.

13. When it assumed the responsibility of providing assessment and care to Keith Martinez, Defendant United States of America, through its employees, agreed to comply with the applicable standard of care necessary to protect the health of Keith Martinez.

14. All persons and parties providing medical care and treatment to Keith Martinez at VAMC were, upon information and belief, employees of Defendant United States of America, or acting under the actual or apparent authority of employees of Defendant United States of America. All such persons were acting within the course and scope of their employment and/or agency when the acts herein set forth were committed, thereby imposing vicarious liability on Defendant United States of America by reason of the doctrine of respondeat superior, and/or actual, apparent, implied or ostensible agency. Defendant United States of America is also liable under a non-delegable duty theory.

15. At all times material hereto, Defendant Phillip Z. Saba, M.D., P.L.L.C. was an Arizona corporation conducting business in Maricopa County, Arizona. At all times material hereto, Defendant Phillip Z. Saba, M.D., P.L.L.C. held itself out to the public, including

1  Keith Martinez and his family, as being equipped, qualified, and prepared to receive the
2  public for medical assessment and treatment, and that it employed and maintained on its staff
3  skilled physicians, physician assistants, nurses, auxiliary staff, and, in general, competent
4  personnel, to whom it had entrusted the conduct and operation of the practice.  When it
5  assumed the responsibility of providing assessment to Keith Martinez, Defendant Phillip Z.
6  Saba, M.D., P.L.L.C., through its agents and employees, agreed to comply with the applicable
7  standard of care necessary to protect the health of Keith Martinez.

8        16.    At all times material hereto, Defendant Phillip Z. Saba, M.D. ("Saba") was, and
9  is, a doctor of medicine licensed to practice within the state of Arizona.  At the time he
10 treated Plaintiffs, Defendant Saba held himself out to Plaintiffs, and to the public at large, as
11 being a specialist in emergency medicine, with the requisite level of skill, knowledge, and
12 training for that specialty.  Defendant Saba owed to his patients, and to Keith Martinez and
13 his family in particular, a duty to act with that degree of care, skill, and learning expected of a
14 reasonably prudent emergency physician acting in the same or similar circumstances within
15 the state of Arizona.

16       17.    Defendants Phillip Z. Saba, M.D. and Jane Doe Saba, upon information and
17 belief, are husband and wife residing in Maricopa County, Arizona.  At all times material
18 hereto, Defendant Saba was acting for and on behalf of the marital community.  Jane Doe
19 Saba is named as a defendant because she financially benefited from the professional
20 earnings of her husband.

21       18.    At all times mentioned herein, Defendant Saba was the actual, apparent,
22 ostensible, implied and/or express agent of and/or was employed by Defendant Phillip Z.
23 Saba, M.D., P.L.L.C., and was acting within the course and scope of his employment and/or
24 agency when the acts herein set forth were committed, thereby imposing vicarious liability on
25 Defendant Phillip Z. Saba, M.D., P.L.L.C. by reason of the doctrine of respondeat superior,
26 and/or actual, apparent, implied or ostensible agency.

27       19.    At all times mentioned herein, Defendant Saba was, upon information and
28 belief, employed by Defendant United States of America, and was acting within the course

and scope of his employment when the acts herein set forth were committed, thereby imposing vicarious liability on Defendant United States of America by reason of the doctrine of respondeat superior, and/or actual, apparent, implied, or ostensible agency. Defendant United States of America is also liable under a non-delegable duty theory.

20. At all times material hereto, Defendant Banner Health, dba Banner Thunderbird Medical Center ("Banner Thunderbird"), was an Arizona corporation conducting business in Maricopa County, Arizona. At all times material hereto, Defendant Banner Thunderbird held itself out to the public, including Keith Martinez and his family, as being equipped, qualified, and prepared to receive the public for medical assessment and treatment, and that it employed and maintained on its staff skilled physicians, physician assistants, nurses, auxiliary staff, and, in general, competent personnel, to whom it had entrusted the conduct and operation of the practice. When it assumed the responsibility of providing assessment to Keith Martinez, Defendant Banner Thunderbird, through its agents and employees, agreed to comply with the applicable standard of care necessary to protect the health of Keith Martinez.

21. All persons and parties providing medical care and treatment to Keith Martinez at Defendant Banner Thunderbird's hospital were, upon information and belief, employees or agents of Defendant Banner Thunderbird, or acting under the apparent authority of employees of Defendant Banner Thunderbird. All such persons were the actual, apparent, ostensible, implied and/or express agents of and/or was employed by Defendant Banner Thunderbird, and were acting within the course and scope of their employment and/or agency when the acts herein set forth were committed, thereby imposing vicarious liability on Defendant Banner Thunderbird by reason of the doctrine of respondeat superior, and/or actual, apparent, implied or ostensible agency. Defendant Banner Thunderbird is also liable under a non-delegable duty theory for the acts and omissions of all persons or parties providing medical care and treatment to Keith Hernandez at Defendant Banner Thunderbird's hospital.

22. At all times material hereto, Defendant North Valley Emergency Specialists, LLC ("North Valley") was an Arizona corporation conducting business in Maricopa County, Arizona. At all times material hereto, Defendant North Valley held itself out to the public,

including Keith Martinez and his family, as being equipped, qualified, and prepared to receive the public for medical assessment and treatment, and that it employed and maintained on its staff skilled physicians, physician assistants, nurses, auxiliary staff, and, in general, competent personnel, to whom it had entrusted the conduct and operation of the practice. When it assumed the responsibility of providing assessment to Keith Martinez, Defendant North Valley, through its agents and employees, agreed to comply with the applicable standard of care necessary to protect the health of Keith Martinez.

23. At all times material hereto, Defendant Willie F Lansden, MD, PLLC was an Arizona corporation conducting business in Maricopa County, Arizona. At all times material hereto, Defendant Willie F Lansden, MD, PLLC, held itself out to the public, including Keith Martinez and his family, as being equipped, qualified, and prepared to receive the public for medical assessment and treatment, and that it employed and maintained on its staff skilled physicians, physician assistants, nurses, auxiliary staff, and, in general, competent personnel, to whom it had entrusted the conduct and operation of the practice. When it assumed the responsibility of providing assessment to Keith Martinez, Defendant Willie F Lansden, MD, PLLC, through its agents and employees, agreed to comply with the applicable standard of care necessary to protect the health of Keith Martinez.

24. At all times material hereto, Defendant Willie F. Lansden, M.D. ("Lansden") was, and is, a doctor of medicine licensed to practice within the state of Arizona. At the time he treated Plaintiffs, Defendant Lansden held himself out to Plaintiffs, and to the public at large, as being a specialist in emergency medicine, with the requisite level of skill, knowledge, and training for that specialty. Defendant Lansden owed to his patients, and to Keith Martinez and his family in particular, a duty to act with that degree of care, skill, and learning expected of a reasonably prudent emergency physician acting in the same or similar circumstances within the state of Arizona.

25. Defendants Willie F. Lansden, M.D. and Jane Doe Lansden, upon information and belief, are husband and wife residing in Maricopa County, Arizona. At all times material hereto, Defendant Lansden was acting for and on behalf of the marital community. Jane Doe

1  Lansden is named as a defendant because she financially benefited from the professional
2  earnings of her husband.

3      26.    At all times mentioned herein, Defendant Lansden was the actual, apparent,
4  ostensible, implied and/or express agent of and/or was employed by Defendant Banner
5  Thunderbird Medical Center, Defendant Willie F. Lansden, MD, PLLC, and Defendant North
6  Valley, and was acting within the course and scope of his employment and/or agency when
7  the acts herein set forth were committed, thereby imposing vicarious liability on Defendant
8  Banner Thunderbird, Defendant Willie F. Lansden, MD, PLLC, and Defendant North Valley
9  by reason of the doctrine of respondeat superior, and/or actual, apparent, implied or ostensible
10 agency.  Defendant Banner Thunderbird is also liable under a non-delegable duty theory.

11     27.    Defendant Banner Thunderbird provides medical services through an organized
12 medical staff.

13     28.    In order to provide medical care and treatment at Defendant Banner
14 Thunderbird, a physician must first be an authorized member of Defendant Banner
15 Thunderbird's medical staff.  Defendant Banner Thunderbird decides whether to authorize a
16 physician to be a member of its medical staff.

17     29.    At all times material hereto, Defendant Lansden was a member of Defendant
18 Banner Thunderbird's medical staff.

19     30.    All medical services provided at Defendant Banner Thunderbird by its medical
20 staff, including, but not limited to, Defendant Lansden, must be provided in accordance with
21 the Defendant Banner Thunderbird's medical staff bylaws and the Defendant Banner
22 Thunderbird's policies and procedures.

23     31.    Each member of Defendant Banner Thunderbird's medical staff, including, but
24 not limited to, Defendant Lansden, is directly accountable to Defendant Banner Thunderbird
25 for the quality of care such member provides to a patient in Defendant Banner Thunderbird's
26 hospital.

27     32.    Defendant Banner Thunderbird is accountable, responsible, and liable for
28 services provided by its medical staff at its hospital.  Defendant Banner Thunderbird is

accountable, responsible, and liable for the daily operations of its hospital, including all services provided by or at its hospital. Defendant Banner Thunderbird is accountable, responsible, and liable for the quality of care provided to patients at its hospital.

33. Defendant Banner Thunderbird is required to have a governing body that is legally responsible for the conduct of the hospital. Defendant Banner Thunderbird, through its governing body, has full legal authority and responsibility for the operations of the hospital, including all care and treatment of patients at the hospital.

34. Defendant Banner Thunderbird is responsible for all medical services furnished in the hospital whether or not such services are furnished by employees or independent contractors.

35. John Does and Jane Does I-V, Black Corporations I-V, and White Partnerships I-V are persons and entities that provided medical care and treatment to Keith Martinez at VAMC or at Defendant Banner Thunderbird's hospital. The true names, capacities, and/or relationships, whether individual, corporate, partnership, or otherwise, of John Does and Jane Does I-V, and each of them, Black Corporations I-V, and White Partnerships I-V, are unknown to Plaintiffs at the time of the filing of the Complaint, and Plaintiffs therefore sue said Defendants, and each of them, by said fictitious names and will ask leave of the Court to amend this Complaint to show the true names, capacities, and/or relationships when the same have been ascertained and, therefore, alleges that all of said fictitiously named Defendants, and each of them, violated the standard of care and thereby caused or contributed to causing Keith Martinez's death.

## **MEDICAL NEGLIGENCE (FTCA)**

36. Plaintiffs incorporate by reference each and every prior and subsequent allegation as though fully set forth herein.

37. According to the medical records, on June 16, 2015, Keith Joseph Martinez, a 45-year-old man, presented to VAMC at approximately 1:41 p.m., and his chief complaint was periumbilical abdominal pain for two days, nausea and vomiting, and hard stool in the a.m.

38. According to the medical records, at approximately 7:20 p.m., Defendant Saba "reduced" the umbilical hernia.

39. According to the medical records, Keith Martinez was discharged from VAMC at 7:25 p.m., with instructions to return if worse, and he left the facility sometime after 7:27 p.m.

40. All Defendants violated the standard of care by failing to provide timely and appropriate assessments, timely and appropriate interventions, and timely and appropriate treatments to Keith Martinez.

41. As a direct and proximate result of the foregoing standard of care violations, Keith Martinez died.

42. As a further direct and proximate result of the medical negligence of the Defendants, and each of them, Plaintiffs have suffered severe and grievous emotional distress, and the loss of society, companionship, and consortium of Keith Martinez. Plaintiffs will continue to suffer such permanent damages.

43. As a further direct and proximate result of the medical negligence of the Defendants, and each of them, Plaintiffs have sustained economic losses proximately resulting from the death of Keith Martinez. Plaintiffs will continue to suffer such permanent damages.

**MEDICAL NEGLIGENCE (non-FTCA)**

44. Plaintiffs incorporate by reference each and every prior and subsequent allegation as though fully set forth herein.

45. According to the medical records, on June 20, 2015, Keith Martinez arrived by ambulance to Defendant Banner Thunderbird hospital, and the ED hand-off occurred at 2:23 p.m.

46. According to the medical records, Keith Martinez was seen by Defendant Lansden, who documented the chief complaint was "diarrhea times two days, weakness." Defendant Lansden also noted the diarrhea was "getting worse" and patient "was so weak [he was] found laying on the floor."

47. According to the medical records, Keith Martinez went into code arrest at approximately 3:40 p.m. and was pronounced dead at 4:20 p.m.

48. All Defendants violated the standard of care by failing to provide timely and appropriate assessments, timely and appropriate interventions, and timely and appropriate treatments to Keith Martinez.

49. As a direct and proximate result of the foregoing standard of care violations, Keith Martinez died.

50. As a further direct and proximate result of the medical negligence of the Defendants, and each of them, Plaintiffs have suffered severe and grievous emotional distress, and the loss of society, companionship and consortium of Keith Martinez. Plaintiffs will continue to suffer such permanent damages.

51. As a further direct and proximate result of the medical negligence of the Defendants, and each of them, Plaintiffs have sustained economic losses proximately resulting from the death of Keith Martinez. Plaintiffs will continue to suffer such permanent damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment against the Defendants, and each of them, as follows:

1. For an award of general to be proven at trial;
2. For an award of special damages to be proven at trial;
3. For costs incurred herein;
4. For a trial by jury on all issues so triable; and
3. For such other and further relief as this Court may deem just.

DATED this 16th day of June, 2017.

        RAYMOND J. SLOMSKI, P.C.

        By  */s/ Raymond J. Slomski*
          Raymond J. Slomski
          Adam Studnicki
          *Attorneys for Plaintiffs*