**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Saly Martinez,<br><br>            Plaintiff,<br><br>v.<br><br>United States of America, *et al.*,<br><br>            Defendants. | No. CV-17-01876-PHX-JJT<br><br>**ORDER** |

At issue is Defendants Banner and Lansden's Motion In Limine Re: Joanne Cacciatore, Ph.D. (Doc. 97, Mot.), which the United States joined (Doc. 98). Plaintiff Saly Martinez filed a Response (Doc. 110, Resp.), to which the United States filed a Reply in Support of the Motion In Limine (Doc. 121, U.S. Reply), and Banner and Lansden also filed a Reply in Support of Motion in Limine (Doc. 122, Reply). The Court resolves Defendants' Motion without oral argument. *See* LRCiv 7.2(f).

**I.    LEGAL STANDARD**

Rule 702 of the Federal Rules of Evidence tasks the trial court with ensuring that any expert testimony provided is relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993). "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. The trial court must first assess whether the testimony is valid and whether the expert's reasoning or methodology can properly be applied to the facts in issue. *Daubert*, 509 U.S. at 592-93. Factors to

consider in this assessment include: whether the methodology can be tested; whether the methodology has been subjected to peer review; whether the methodology has a known or potential rate of error; and whether the methodology has been generally accepted within the relevant professional community. *Id.* at 593-94. "The inquiry envisioned by Rule 702" is "a flexible one." *Id.* at 594. "The focus . . . must be solely on principles and methodology, not on the conclusions that they generate." *Id.*

The *Daubert* analysis is also applicable to testimony concerning non-scientific areas of specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). A qualified expert may testify in the form of opinion if the offered experiential knowledge will help the trier of fact to understand evidence or determine a fact in issue, as long as the testimony is based on sufficient data, is the product of reliable principles, and the expert has reliably applied the principles to the facts of the case. *See* Fed. R. Evid. 702; *Daubert*, 509 U.S. at 579. The Advisory Committee Notes on the 2000 amendments to Rule 702 explain that Rule 702 (as amended in response to *Daubert*) "is not intended to provide an excuse for an automatic challenge to the testimony of every expert." *See Kumho Tire*, 526 U.S. at 152. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence." *Daubert*, 509 U.S. at 595 (citation omitted).

"Every person is competent to be a witness unless these rules provide otherwise. But in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." Fed. R. Evid. 601. However, "state competency rules… do not displace [Federal] Rule 702 and *Daubert*." *Liebsack v. United States*, 731 F.3d 850, 856 (9th Cir. 2013). Further, "Rule 702 concerns the admissibility of scientific evidence, not a witness' competency to testify in the first place. A key to establishing the scope of Rule 601 is to distinguish between competency and admissibility." *Id.* at 856-57. As a result, a federal court should first apply state witness competency requirements pursuant to Rule 601, and then determine if the testimony is

admissible under Rule 702 and *Daubert*. *Id.* at 856. Both the Federal Rules of Evidence and the Arizona Rules of Evidence are verbatim, and the primary effect of Rule 601 is establishing whether state or federal common law applies.

**II. ANALYSIS**

Defendants move to exclude the testimony of Plaintiff's expert witness, Joanne Cacciatore, Ph.D., who Plaintiff plans will offer testimony on the grief Plaintiff has suffered on account of Defendants' alleged medical negligence and her husband's resulting death. Defendants argue that Cacciatore is not qualified to be a witness and that her testimony is not admissible because it will not assist the trier of fact and is unfairly prejudicial. (Mot. at 1-2.)

    **A.**    **Cacciatore's Qualifications to Offer Expert Testimony on Grief**

Defendants argue that Cacciatore is not qualified to provide expert testimony regarding Plaintiff's grief because she does not possess "special knowledge" that is "unknown to people in general" and because "she is not licensed to practice psychiatry, psychology, or any of the regulated mental health care professions." (*See* Mot. at 4-5.)

The Court is not persuaded by Defendants' argument. A witness may be qualified based on "knowledge, skill, experience, training, or education." Ariz. R. Evid. 702. Cacciatore's qualifications are presented in her curriculum vitae, which exhibits extensive education, experience, training, and knowledge pertaining to the subject of grief. (Mot. at 23-40.) She possesses a Ph.D. in trauma and death studies, has published a significant number of academic research works, and has acted as an expert witness in a handful of legal cases. (Mot. at 23-40.) Cacciatore's education, knowledge, and experience are well established by the record and demonstrate her qualifications to provide expert testimony regarding the grief that Plaintiff has experienced. The fact that Cacciatore is not a licensed mental health care professional does not diminish her knowledge and competency pertaining to grief. Additionally, Defendants also raise a judicial estoppel argument, but the Court finds no merit in the analysis presented. As a

1 result, the Court finds that Cacciatore is qualified and competent to be a witness under
2 Arizona Rules of Evidence 601 and 702.

### B. Admissibility of Cacciatore's Expert Testimony

#### 1. Relevance

Defendants next argue that Cacciatore's expert testimony is not admissible because it is not relevant. They assert that the testimony will not assist the trier of fact because the subject matter of grief is common knowledge and the jury does not need an expert to further understand it. Defendants further argue that the ability to understand that the loss of an individual's spouse causes grief and affects the surviving spouse does not require specialized knowledge.

The Court disagrees. "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action." Fed. R. Evid. 401. Courts evaluating admissibility of "technical" or "specialized" knowledge must determine whether the technical or specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue. *United States v. Plunk*, 153 F.3d 1011, 1017 (9th Cir. 1998), *overruled on other grounds, as recognized by United States v. Hankey*, 203 F.3d 1160, 1169 (9th Cir. 2000). Cacciatore's declaration outlines the nature of her expert testimony, which primarily consists of information on the differences between "traumatic" and "garden variety" grief, as well as two psychometric evaluations of Plaintiff that Cacciatore herself conducted. (Mot. at 9-16.) The testimony explains that the various effects of traumatic grief can have a lasting and incapacitating effect on an individual. (Mot. at 9-16.)

Plaintiff properly contends that Cacciatore's expert testimony will help explain to the trier of fact the nature of Plaintiff's grief and the impact that it has had on her life. The Court agrees that Cacciatore's testimony is relevant because the concept of "traumatic grief" and its effects are likely outside the realm of common knowledge that an average juror possesses. Because Cacciatore's testimony may be useful to the trier of

fact in understanding the evidence, the Court finds that her testimony meets the relevancy requirement of expert witness testimony.

### 2. Reliability and Potential Prejudice

Finally, Defendants argue that Cacciatore's testimony should not be admitted because "expert testimony can … be misleading because of the difficulty in evaluating it" and Dr. Cacciatore's testimony "gives 'facts' an air of scientific validity to which they are not entitled." (Mot. at 5.) Defendants also contend that "any minimal relevance Dr. Cacciatore's testimony has on the jury's determination of Plaintiff's damages is substantially outweighed by its potential prejudice under Rule 403" because "the extent of the grief experienced by Plaintiff may be established via her own personal testimony" and "an expert is not needed to 'confirm' or buttress Plaintiff's damages claim." (Mot. at 5.)

Again, the Court is not persuaded by Defendants' argument that Cacciatore's testimony is unfairly prejudicial. "Rule 403 permits the exclusion of relevant evidence 'if its probative value is substantially outweighed by the danger of unfair prejudice." *Daubert*, 509 U.S. at 596. Cacciatore's expert testimony provides probative value by educating the jury on the subject of traumatic relief, a subject that likely is not generally known by an average juror. Her expert testimony is necessary for the jury to understand the behavior of Plaintiff and the effect that her husband's death has had on her. It may be true that Cacciatore's testimony, if unlimited, could have a prejudicial effect. As discussed in the Advisory Committee Notes to Rule 703, prejudice can accrue to the party against whom the statements are offered where there is potential for the jury to misuse the information "for substantive purposes"—in other words, as proof of the matter asserted. However, the Court finds that, with proper jury instruction pertaining to Cacciatore's testimony, the probative value of educating the jury on traumatic grief outweighs any prejudice that may be caused by the testimony.

Additionally, the Court finds that Cacciatore's testimony meets the reliability requirements under Rule of Evidence 702. Experts of all kinds may draw conclusions

from "general truths derived from . . . specialized experience." *Kumho Tire*, 526 U.S. at 148. Cacciatore's testimony is based upon an extensive academic career and experience pertaining to the subject of grief, including numerous peer-reviewed publications. She also based her assessments of Plaintiff's grief on two separate tests, the Impact of Event-Revised Scale (IER-S) and the Hopkins Symptoms Checklist (HSCL), both of which Plaintiff has shown are industry standard psychometric measures that are widely used in this field. (Resp. at 5.)

Under *Daubert*, courts act as a gatekeeper but do not supplant the adversary system or role of the jury. *Daubert*, 509 U.S. at 596. The district court does not evaluate the persuasiveness of the offered evidence, but leaves it to "vigorous cross-examination, presentation of contrary evidence, and careful instruction on burden of proof" to attack admissible evidence. *Id.* In sum, the Court finds that Cacciatore has sufficiently relied on proper data, methods, and experience to formulate her opinions and leaves it to Defendant to dispute the strength of her credentials and the weight of her opinion through cross-examination.

### III. CONCLUSION

The Court finds that Cacciatore is qualified as an expert witness, that her testimony is admissible, and that her testimony is not unfairly prejudicial.

**IT IS THEREFORE ORDERED** denying Defendants' Motion In Limine Re: Joanne Cacciatore (Doc. 97).

Dated this 23rd day of October, 2018.

Honorable John J. Tuchi
United States District Judge